PETER L. CARR, IV (#256104)
PCARR@THEPLCLAWGROUP.COM
NA'SHAUN L. NEAL (#284280)
NNEAL@THEPLCLAWGROUP.COM
LAUREN K. MCRAE (#331296)
LMCRAE@THEPLCLAWGROUP.COM
PLC LAW GROUP, APC
3756 SANTA ROSALIA DR., SUITE 326
LOS ANGELES, CA 90008
TELEPHONE: (310) 400-5890
FACSIMILE: (310) 400-5895

ATTORNEYS FOR PLAINTIFF
**EARL GREER**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Earl Greer,<br><br>Plaintiff,<br><br>v.<br><br>Board of Regents of the University of California; Officer Alvarado (#350); Officer Castro (#342); Officer Coronel (#361); Officer Serna-Mendoza (#376); Sergeant Gentilucci (#316); Sergeant Adrian Anderson; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## Introduction

1. This case arises from the deliberate deprivation of constitutional rights by Officers of the University of California Police Department ("UCPD"), acting under color of state law, against Plaintiff Earl Greer, a 27-year-old Ph.D. student at

UCLA. On or around August 25, 2024, Mr. Greer walked to Ronald Reagan UCLA Medical Center ("RRMC") out of concern for his girlfriend, Samantha Deveaux, who had been transported by paramedics following a fall inside his apartment. Without probable cause that Mr. Greer had committed any crime, Defendant Officers arrested Mr. Greer at RRMC. In an effort to justify the unlawful arrest, Defendant Officers deliberately fabricated evidence, including false claims of neck bruising on Ms. Deveaux that were directly contradicted by her contemporaneous hospital medical records. Using that fabricated evidence, Defendant Officers also obtained an Emergency Protective Order ("EPO") separating Mr. Greer and Ms. Deveaux for eight days — an order neither of them wanted and that Ms. Deveaux made repeated efforts to have rescinded. Defendant Officers then used that same fabricated evidence to initiate and prolong disciplinary proceedings against Mr. Greer at UCLA. Ms. Deveaux explicitly denied that Mr. Greer caused her injuries. As a direct and proximate result of Defendants' unlawful conduct, Mr. Greer suffered physical injury, three days of unlawful incarceration, severe emotional distress, and lasting reputational harm, including harm to his standing as a graduate student at UCLA.

2. This action seeks to recover damages for the violation of Mr. Greer's rights under state and federal law. Plaintiff Earl Greer complains of Officer Alvarado (#350), Officer Castro (#342), Officer Coronel (#361), Officer Serna-Mendoza (#376), Sergeant Gentilucci (#316), Sergeant Adrian Anderson, the Board of Regents of the University of California, and DOES 1 through 10, inclusive, as follows:

## VENUE AND JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the



PLC LAW GROUP, APC

City of Los Angeles, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

**PARTIES**

4. At all relevant times herein, PLAINTIFF EARL GREER (hereinafter "Mr. Greer" or "Plaintiff") was and is a resident of the State of California in the County of Los Angeles.

5. Defendant BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA ("UC Regents") is a public agency within the meaning of California Government Code section 7920.525(a) and a public entity under California Government Code section 811.2. It is empowered under the California Constitution, Article IX, section 9, to administer the University of California, including UCPD. UCPD officers and sergeants are employees of the UC Regents and/or its subsidiaries. Pursuant to California Government Code § 905.6, the UC Regents is exempt from the claims-filing provisions of the California Government Claims Act, and no pre-suit claim presentation is required.

6. Defendant UCPD Officer Alvarado (#350) (hereinafter "Alvarado") is, and at all times in this Complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his employment and within his actual and apparent authority as an officer of a public entity, UC Regents.

7. Defendant UCPD Officer Castro (#342) (hereinafter "Castro") is, and at all times in this Complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his employment and within his actual and apparent authority as an officer of a public entity, UC Regents.

8. Defendant UCPD Officer Coronel (#361) (hereinafter "Coronel") is, and at all times in this Complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of his



PLC LAW GROUP, APC

employment and within his actual and apparent authority as an officer of a public entity, UC Regents.

9. Defendant UCPD Officer Serna-Mendoza (#376) (hereinafter "Serna-Mendoza") is, and at all times in this Complaint was, an individual employed by UC Regents and/or its subsidiaries as a police officer, acting within the course and scope of her employment and within her actual and apparent authority as an officer of a public entity, UC Regents.

10. Defendant UCPD Sergeant Gentilucci (#316) (hereinafter "Gentilucci") is, and at all times in this Complaint was, an individual employed by UC Regents and/or its subsidiaries as a police sergeant, acting within the course and scope of his employment and within his actual and apparent authority as an officer of a public entity, UC Regents.

11. Defendant UCPD Sergeant Adrian Anderson (hereinafter "Anderson") is, and at all times in this Complaint was, an individual employed by UC Regents and/or its subsidiaries as a police sergeant, acting within the course and scope of his employment and within his actual and apparent authority as an officer of a public entity, UC Regents.

12. At all relevant times, the Defendant DOE Officers engaged in law enforcement as police officers, sergeants, captains, lieutenants, and/or civilian employees, agents and representatives of Defendant UC Regents, duly employed as police officers by the UCPD, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

13. PLAINTIFF is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, are not now known to PLAINTIFF who, therefore, sues said Defendants by such fictitious names. PLAINTIFF will



PLC LAW GROUP, APC

seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

14. Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

***Mr. Greer's Arrest at Ronald Reagan UCLA Medical Center***

15. Mr. Greer is a 27-year-old Ph.D. student at UCLA.

16. Upon information and belief, on or around Sunday, August 25, 2024, Mr. Greer arrived at RRMC after his girlfriend, Samantha Deveaux, was transported by paramedics following a fall inside Mr. Greer's apartment and a sustained head injury.

17. Mr. Greer and Ms. Deveaux went to the lobby of the apartment building and found someone to call an ambulance for Ms. Deveaux.

18. Mr. Greer walked to RRMC and tried to find Ms. Deveaux to ensure she was stable. Hospital staff did not allow him to see her and did not explain why. Mr. Greer sat in the emergency room lobby to wait.

19. UCPD Officer ALVARADO, Officer CASTRO, Officer SERNA-MENDOZA, and Officer CORONEL responded to the hospital.

20. Officer SERNA-MENDOZA questioned Ms. Deveaux.

21. Officer ALVARADO, Officer CASTRO, and Officer CORONEL approached Mr. Greer and questioned him. They physically surrounded him in a tight circle, despite Mr. Greer posing no threat and showing no sign of an intent to flee.

22. At least one Defendant Officer kept a hand resting on his firearm throughout the questioning, despite Mr. Greer having no weapons and presenting no physical threat. This gesture communicated to Mr. Greer an immediate threat of force. Mr. Greer cooperated with Defendant Officers throughout the entirety of the questioning.

23. Mr. Greer's legs grew tired, but Defendant Officers refused to allow him to sit. After Defendant Officers finished their questions, Mr. Greer asked, "Am I free to go?" Defendant Officers refused to let Mr. Greer leave and instead directed him to sit down outside.

24. Defendant Officers arrested Mr. Greer for felony domestic violence. Mr. Greer was placed in noticeably tight handcuffs that immediately cut off circulation to Mr. Greer's hands and caused him pain.

25. Mr. Greer complained about the tightness of the handcuffs and the pain they were causing him, but no officer made any effort to check or adjust the handcuffs.

26. Defendant Officer CORONEL then transported Mr. Greer to UCPD station. The handcuffs continued to cause Mr. Greer significant pain during his transport.

27. Upon arriving at the UCPD station, Mr. Greer was booked for felony domestic violence with the approval of Sergeant GENTILUCCI.

28. Mr. Greer was he was not released from custody until Wednesday, August 28, 2024 — three days after his arrest.

29. The Los Angeles District Attorney's Office declined to file any related criminal charges against Mr. Greer.

30. Mr. Greer suffered pain, bruising, friction burns, and swelling on both of his wrists from the excessively tight handcuffs Defendant Officers placed on him. Defendant Officers' conduct also caused Mr. Greer to suffer and continue to suffer severe emotional distress and mental anguish.

***UCPD's Fabricated Evidence Against Mr. Greer***

31. With knowledge that his police report would be used by the DA's office when deciding whether to bring a felony charge against Mr. Greer, Defendant Officer CASTRO made false statements in his report to conceal that Defendant Officers had violated Mr. Greer's rights, including but not limited to a false claim Ms. Deveaux had red and purple bruising on both sides of her neck.

32. Notably, Ms. Deveaux's RRMC medical records make no mention of any



PLC LAW GROUP, APC

bruising on her neck.

33. Officer SERNA-MENDOZA also falsely told the UCLA Emergency Medical Technician who responded to the scene that Mr. Greer had "other things on the record similar to this incident." This statement was false. Mr. Greer has no criminal record.

***The Emergency Protective Order Obtained on the Basis of Fabricated Evidence***

34. On August 26, 2024, Defendant Officer CORONEL applied for and obtained an Emergency Protective Order ("EPO") requiring Mr. Greer to remain at least 100 yards away from Ms. Deveaux and his own apartment. The EPO application narrative filed by Officer CORONEL falsely claimed that Ms. Deveaux had "scratches/bruising to her neck".

35. Ms. Deveaux did not want the EPO and made several calls to UCPD and other authorities in an attempt to have it removed. The EPO expired on September 2, 2024, separating Mr. Greer and Ms. Deveaux for eight days and causing Mr. Greer additional emotional distress beyond that caused by the arrest itself.

36. The EPO was served on Mr. Greer by Defendant Officer CASTRO on the date of his arrest while he was at the UCPD station.

***Supervisory Conduct***

37. Defendant Sergeant GENTILUCCI (#316) was, at all relevant times, the UCPD supervisory sergeant responsible for overseeing the conduct of Officer ALVARADO, Officer CASTRO, Officer CORONEL, and Officer SERNA-MENDOZA in connection with the subject incident. As the on-duty supervisor, Sergeant GENTILUCCI had the authority and the duty to direct, correct, and discipline the officers under his command and to ensure that their investigative and arrest decisions complied with constitutional requirements and UCPD policy.

38. Upon information and belief, Sergeant GENTILUCCI was informed of Mr. Greer's arrest on August 25, 2024, either before or immediately after it was effectuated. Sergeant GENTILUCCI reviewed and approved Officer CASTRO's


PLC LAW GROUP, APC

police report, which contained the fabricated claim that Ms. Deveaux had "red and purple bruising on both sides of the neck". On information and belief, Sergeant GENTILUCCI knew, or at least should have known, that CASTRO's police report contained false statements. On information and belief, Sergeant GENTILUCCI approved the report without correction and authorized its submission to the Los Angeles County District Attorney's office as the factual basis for a felony domestic violence charge against Mr. Greer.

39. On information and belief, Sergeant ANDERSON further reviewed, approved, and/or authorized the transmission to UCLA's Office of Student Conduct of a written UCPD summary of the incident. That summary incorporated the false narrative from Officer CASTRO's police report. On information and belief, Sergeant ANDERSON knew, or at least should have known, that the written UCPD summary of the incident contained false statements, including the fabricated claim that Ms. Deveaux had visible bruising on her neck.

***The UCLA Student Conduct Proceedings, Additional Fabricated Claims and Reputational Harm***

40. As a result of Defendant Officers' fabricated claims against Mr. Greer, Mr. Greer was charged with allegedly violating the UCLA Student Conduct Code in January 2025.

41. On July 24, 202, Officer SERNA-MENDOZA met with UCLA Assistant Dean of Students Emmy Passer in connection with the Student Conduct investigation. Officer SERNA-MENDOZA told Dean Passer that Ms. Deveaux had "red and purple bruising to the neck" — a claim that Officer SERNA-MENDOZA knew was false and, as alleged above, is contradicted by Ms. Deveaux's own RRMC medical records, which document no neck injury of any kind.

42. Officer SERNA-MENDOZA's fabrication directly informed the Student Conduct Committee's investigation and prolonged the reputational and academic harm caused to Mr. Greer.


PLC LAW GROUP, APC

43. In October 2025, the Student Conduct Committee Hearing Panel found these was Insufficient Information to demonstrate by a preponderance standard that Mr. Greer violated the UCLA Student Conduct Code.

44. The UCLA Student Conduct proceedings caused Mr. Greer significant additional reputational harm and emotional distress, disrupted his progress in his Ph.D. program, and subjected him to nearly a year of investigation as a direct and proximate result of Defendant Officers' fabricated evidence.

***Mr. Greer's Injuries***

45. As a direct result of Defendant Officers' conduct, Mr. Greer suffered physical injury including pain, bruising, friction burns, and swelling to his wrists; three days of unlawful incarceration; severe and lasting emotional distress; harm to his academic standing and progress in his Ph.D. program; reputational harm within the UCLA community; harm to his relationship with Ms. Deveaux; and ongoing mental anguish.

**FIRST CAUSE OF ACTION**

**UNLAWFUL ARREST (42 U.S.C. § 1983)**

**(Against ALVARADO, CASTRO, CORONEL, SERNA-MENDOZA, GENTILUCCI and DOES 1-10, inclusive)**

46. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding and below paragraphs of this complaint as though fully set forth herein.

47. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law of a privilege or immunity secured under the Fourth Amendment to the United States Constitution.

48. As a result of the above-described intentional acts and omissions of the Defendant Officers, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unlawful arrest, as applied to state actors by the Fourteenth Amendment, was violated when Defendant Officers arrested Mr. Greer

without a warrant or probable cause to believe Mr. Greer had committed, was committing, or would commit a crime.

49. As a result of Defendant Officers' false arrest of Plaintiff, Mr. Greer suffered loss of liberty, three days of unlawful incarceration, and has suffered and continues to suffer severe emotional trauma and extreme mental distress.

50. As a result of Defendant Officers' conduct, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful seizure, or because they failed to intervene to prevent these violations.

51. Defendant GENTILUCCI is liable for Mr. Greer's unlawful arrest because a sufficient causal connection exists between his own conduct and the deprivation of Mr. Greer's Fourth Amendment rights. On information and belief, Defendant GENTILUCCI: (a) directed or personally participated in the decision to arrest Mr. Greer without probable cause; (b) set in motion, or knowingly refused to terminate, a series of acts by his subordinates that he knew or reasonably should have known would result in Mr. Greer's arrest without probable cause; (c) knew his subordinates lacked probable cause to arrest Mr. Greer and failed to act to prevent or end the arrest; (d) disregarded the known or obvious consequence that deficiencies in the training, supervision, and control of his subordinates would cause officers to arrest individuals without probable cause, and that deficiency caused Mr. Greer's unlawful arrest and incarceration; and/or (e) showed reckless or callous indifference to Mr. Greer's Fourth Amendment right to be free from arrest without probable cause. Each of these acts and omissions was a moving force behind Mr. Greer's unlawful arrest and resulting injuries.

52. The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

53. Accordingly, Defendant Officers are each liable to Plaintiff for compensatory

and punitive damages under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**

**UNREASONABLE SEARCH (42 U.S.C. § 1983)**

**(Against ALVARADO, CASTRO, CORONEL, SERNA-MENDOZA, GENTILUCCI and DOES 1-10, inclusive)**

54. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding and below paragraphs of this complaint as though fully set forth herein.

55. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law of a privilege or immunity secured under the Fourth Amendment to the United States Constitution.

56. As a result of the above-described intentional acts and omissions of the Defendant Officers, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches, as applied to state actors by the Fourteenth Amendment, was violated when Defendant Officers searched Mr. Greer without a warrant or probable cause to believe Mr. Greer had committed, was committing, or would commit a crime.

57. As a result of Defendant Officers' unlawful search of Plaintiff, Mr. Greer suffered and continues to suffer severe emotional trauma and extreme mental distress.

58. As a result of Defendant Officers' conduct, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful search, or because they failed to intervene to prevent these violations.

59. Defendant GENTILUCCI is liable in his individual capacity for the unlawful search of Mr. Greer's person because a sufficient causal connection exists between his own conduct and the deprivation of Mr. Greer's Fourth Amendment rights. On



PLC LAW GROUP, APC

information and belief, Defendant GENTILUCCI: (a) directed or personally participated in the decision to conduct the search without a warrant, probable cause, or other lawful justification; (b) set in motion, or knowingly refused to terminate, a series of acts by his subordinates that he knew or reasonably should have known would result in an unlawful search of Mr. Greer's person; (c) knew his subordinates lacked lawful authority to conduct the search and failed to act to prevent it; (d) disregarded the known or obvious consequence that deficiencies in the training, supervision, and control of their subordinates would cause officers to conduct searches without lawful authority, and that deficiency caused the unlawful search of Mr. Greer's person; and/or (e) showed reckless or callous indifference to Mr. Greer's Fourth Amendment right to be free from unreasonable searches. Each of these acts and omissions was a moving force behind the unlawful search and resulting injuries.

60. The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

61. Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**THIRD CAUSE OF ACTION**

**EXCESSIVE FORCE (42 U.S.C. § 1983)**

**(Against ALVARADO, CASTRO, CORONEL, SERNA-MENDOZA, and DOES 1-10, inclusive)**

62. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding and below paragraphs of this complaint as though fully set forth herein.

63. This cause of action arises under Title 42 United States Code § 1983, wherein



PLC LAW GROUP, APC

Plaintiff seeks to redress deprivation under color of law of a privilege or immunity secured under the Fourth Amendment.

64. As a result of the above-described intentional acts and omissions of the Defendant Officers, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from excessive force, as applied to state actors by the Fourteenth Amendment, was violated when Defendant Officers placed Mr. Greer in excessively tight handcuffs that immediately caused him pain and cut off circulation to his hands, and maintained those handcuffs throughout his transportation to county jail despite his complaints, as well as observable signs of pain and injury.

65. At no point did Mr. Greer pose a reasonable threat of violence or danger to the Defendant Officers or to any other individual. Mr. Greer made no aggressive movements, furtive actions, or physical movements that would have suggested to any reasonable officer that Mr. Greer had the will or ability to inflict substantial bodily harm against any individual.

66. At no point during the incident did Mr. Greer show any sign of resisting the Defendant Officers.

67. Additionally, Defendant Officers acted entirely without probable cause or reasonable suspicion that Mr. Greer had committed, was committing, or would commit any crime.

68. The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Greer, and therefore warrants the imposition of exemplary and punitive damages.

69. As a result of Defendant Officers' conduct, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

70. Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees

and costs pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**

**DELIBERATE FABRICATION OF EVIDENCE (42 U.S.C. § 1983)**

**(Against CASTRO, SERNA-MENDOZA, CORONEL, GENTILUCCI, ANDERSON and DOES 1-10)**

71. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding and below paragraphs of this complaint as though fully set forth herein.

72. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress the deprivation, under color of law, of rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

73. As a result of the above-described intentional acts and omissions of Defendant Officers, Plaintiff's Fourteenth Amendment right to due process was violated. Officer SERNA-MENDOZA deliberately fabricated the claim that Ms. Deveaux had "red and purple bruising on both sides of the neck" during her interrogation of Ms. Deveaux at RRMC — an observation directly contradicted by the contemporaneous medical records of the attending physician. Officer CASTRO also incorporated this fabricated observation into his official police report, knowing it to be false, and presented it as the basis for probable cause to arrest Mr. Greer. Officer CORONEL incorporated the same fabricated injuries into his sworn application for the Emergency Protective Order. Officer SERNA-MENDOZA later made this same fabrication during her July 24, 2025 meeting with UCLA Assistant Dean of Students Emmy Passer.

74. Defendant Officers fabricated this evidence with intent to deprive Mr. Greer of his liberty and constitutional rights.

75. The fabricated evidence directly caused Mr. Greer's arrest, three days of unlawful detention, and deprivation of liberty. The fabricated evidence was also

directly used to obtain the Emergency Protective Order and initiate the baseless UCLA Student Conduct investigation and proceedings against Mr. Greer. Officer SERNA-MENDOZA's renewed fabrication to Dean Passer directly informed the Student Conduct Committee's investigation and prolonged the reputational, academic, and emotional harm caused to Mr. Greer.

76. Defendant supervisory officers, GENTILUCCI and ANDERSON, are liable in their individual capacities under 42 U.S.C. § 1983 because a sufficient causal connection exists between their own conduct and the deprivation of Mr. Greer's constitutional rights. On information and belief, Defendant supervisory officers: (a) directed or personally participated in their subordinates' fabrication of evidence; (b) set in motion, or knowingly refused to terminate, a series of acts by their subordinates that they knew or reasonably should have known would cause the deprivation of Mr. Greer's rights; (c) knew their subordinates were fabricating evidence and failed to act to prevent it; (d) disregarded the known or obvious consequence that deficiencies in the training, supervision, and control of their subordinates would cause constitutional violations, and that deficiency caused the violations alleged herein; and/or (e) showed reckless or callous indifference to the deprivation of Mr. Greer's rights by their subordinates. Each of these acts and omissions was a moving force behind Mr. Greer's injuries.

77. As a proximate result of Defendant Officers' deliberate fabrication of evidence, Mr. Greer suffered loss of liberty, incarceration, severe emotional distress, mental anguish, harm to his academic career, and harm to his reputation.

78. The conduct of Defendant Officers was willful, wanton, malicious, and done with reckless disregard for Mr. Greer's constitutional rights, warranting the imposition of exemplary and punitive damages.

79. Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**

**ASSAULT (Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against ALVARADO, CASTRO, CORONEL, UC REGENTS and DOES 1-10, inclusive)**

80. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding and below paragraphs of this complaint as though fully set forth herein.

81. On August 25, 2024, Defendant Officers, acting individually and in concert, committed civil assault against Mr. Greer through a series of deliberate, threatening acts that placed him in reasonable apprehension of imminent harmful or offensive contact, including: (a) physically encircling Mr. Greer in a tight formation with three armed officers; (b) keeping a hand resting on a holstered firearm throughout the questioning; (c) refusing to allow Mr. Greer to sit despite his fatigue; and (d) refusing to let Mr. Greer leave when he directly asked, "Am I free to go?" These acts, taken together, created in Mr. Greer a reasonable and sustained apprehension of imminent physical harm.

82. As a result of Defendant Officers' conduct, they are liable for Plaintiff's injuries, either because they were integral participants in the assault, or because they failed to intervene to prevent these violations.

83. Both prior to and during the time in which he was assaulted, Mr. Greer was not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers or to any other individual. Mr. Greer made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict substantial bodily harm against any individual.

84. Defendants' conduct was a substantial factor in causing Mr. Greer harm.

85. As a direct and proximate result of the assault, Mr. Greer suffered severe emotional and physical distress.



PLC LAW GROUP, APC

86. The aforementioned acts and omissions were intended by each Defendant Officer to cause apprehension of harmful or offensive contact and were done with a conscious disregard for the rights and safety of Plaintiff, as the acts were willful, wanton, malicious, and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual Defendants in an amount to be determined according to proof at trial.

87. UC REGENTS is vicariously liable under California Government Code § 815.2(a) for the acts and omissions of its employees within the scope of their employment.

**SIXTH CAUSE OF ACTION**

**BATTERY (Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against ALVARADO, CASTRO, CORONEL, SERNA-MEDNOZA, UC REGENTS and DOES 1-10, inclusive)**

88. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding and below paragraphs of this complaint as though fully set forth herein.

89. On August 25, 2024, Defendant Officers, acting individually and in concert, committed battery against Mr. Greer by applying excessively tight handcuffs to Mr. Greer's wrists, causing him demonstrable injury.

90. As a result of Defendant Officers' conduct, they are liable for Plaintiff's injuries, either because they were integral participants in the battery, or because they failed to intervene to prevent these violations.

91. Both prior to and during the time in which he was battered, Mr. Greer was not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers or to any other individual. Mr. Greer made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict substantial bodily harm against any individual.



PLC LAW GROUP, APC

92. Defendants' conduct was a substantial factor in causing Mr. Greer harm.

93. As a direct result and proximate result of Defendant Officers' conduct, Mr. Greer suffered physical injury including pain, bruising, friction burns, and swelling to his wrists.

94. The aforementioned acts and omissions were intended by each Defendant Officer to cause harm and/or were done with a conscious disregard for the rights and safety of Plaintiff, as the acts were willful, wanton, malicious, and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual Defendants in an amount to be determined according to proof at trial.

95. UC REGENTS is vicariously liable under California Government Code § 815.2(a) for the acts and omissions of its employees within the scope of their employment.

**SEVENTH CAUSE OF ACTION**

**NEGLIGENCE (Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against All Defendants)**

96. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding and below paragraphs of this complaint as though fully set forth herein.

97. Plaintiff is informed and believes and thereon alleges that Defendant Officers, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently stopping and arresting Mr. Greer without reasonable suspicion or probable cause to believe that Mr. Greer had or was committing a crime; negligently using excessive and unreasonable force upon Mr. Greer's person, when the same was unnecessary and unjustified; negligently failing to determine that Mr. Greer posed no threat of physical harm to any person when Mr. Greer was assaulted and battered; negligently fabricating evidence used against Mr. Greer; negligently

transmitting false evidence used against Mr. Greer to third party agencies, including the Los Angeles District Attorney's Office and UCLA's Office of Student Conduct; negligently failing to investigate the scene of the incident; negligently obtaining an Emergency Protective Order based on fabricated and exaggerated claims; negligently failing to intercede when fellow Defendant Officers violated Mr. Greer's constitutional rights; and negligently supervising subordinate officers.

98. Defendants' conduct was a substantial factor in causing Mr. Greer harm.

99. As a direct and proximate result of Defendant Officers' negligent acts and omissions, Mr. Greer suffered physical injury including pain, bruising, friction burns, and swelling to his wrists; three days of unlawful incarceration; severe and lasting emotional distress; harm to his academic standing and progress in his Ph.D. program; reputational harm within the UCLA community; harm to his relationship with Ms. Deveaux; and ongoing mental anguish.

100. The aforementioned acts and omissions were intended by each Defendant Officer to cause harm and/or were done with a conscious disregard for the rights and safety of Plaintiff, as the acts were willful, wanton, malicious, and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual Defendants in an amount to be determined according to proof at trial.

101. UC REGENTS is vicariously liable under California Government Code § 815.2(a) for the acts and omissions of its employees within the scope of their employment.

**EIGHTH CAUSE OF ACTION**

**FALSE ARREST AND FALSE IMPRISONMENT**

**(Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against ALVARADO, CASTRO, CORONEL, SERNA-MENDOZA, GENTILUCCI, UC REGENTS and DOES 1-10, inclusive)**

102. Plaintiff incorporates by reference each and every allegation contained in the



PLC LAW GROUP, APC

foregoing paragraphs, as well as any subsequent paragraphs contained in this Complaint, as if fully set forth herein.

103. Defendant Officers, while working for UC REGENTS and acting within the scope of their duties, arrested and imprisoned Mr. Greer without a warrant or probable cause to believe that Mr. Greer had committed any crime.

104. As a result of Defendants' conduct, Mr. Greer suffered a loss of his liberty and continues to suffer from severe emotional distress, mental anguish, and harm to his reputation in the community.

105. As a result of their conduct, Defendants are liable for Mr. Greer's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

106. Any involved supervisory Defendant Officers are liable because they personally participated in the violations, directed the violations, and/or knew of the violations and failed to act to prevent them.

107. Defendants' conduct was a substantial factor in causing Mr. Greer's false arrest and imprisonment.

108. The aforementioned acts and omissions were intended by each Defendant Officer to cause harm and/or were done with a conscious disregard for the rights and safety of Plaintiff, as the acts were willful, wanton, malicious, and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual Defendants in an amount to be determined according to proof at trial.

109. UC REGENTS is vicariously liable under California Government Code § 815.2(a) for the acts and omissions of its employees within the scope of their employment.

///

///

///



PLC LAW GROUP, APC

**NINTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against All Defendants)**

110. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in this Complaint, as if fully set forth herein.

111. Defendant Officers' conduct, as described herein, was extreme and outrageous. Defendant Officers surrounded an unarmed, cooperative graduate student in a hospital parking lot while his injured girlfriend was being treated inside, rested a hand on a firearm to intimidate him, refused to let him leave, and arrested him in a public place based on fabricated evidence. Defendant Officers then applied circulation-cutting handcuffs to an innocent man, transported him to county jail where he was held for three days, fabricated a police report, obtained a protective order neither party wanted based on fabricated evidence, and transmitted fabricated evidence to his university subjecting him to nearly a year of disciplinary proceedings.

112. Defendant Officers engaged in this course of conduct with the intent to cause, or with reckless disregard for the probability of causing, severe emotional distress to Mr. Greer.

113. As a direct and proximate result of Defendant Officers' extreme and outrageous conduct, Mr. Greer suffered and continues to suffer severe emotional distress, including fear, humiliation, anxiety, mental anguish, and harm to his academic standing and personal relationship with Ms. Deveaux.

114. Defendants' conduct was a substantial factor in causing Mr. Greer's injuries.

115. Defendant UC REGENTS is vicariously liable for the intentional infliction of emotional distress committed by its employees within the scope of their employment under California Government Code § 815.2(a).



PLC LAW GROUP, APC

116. The aforementioned acts were done with malice, oppression, and fraud as defined under California Civil Code § 3294, thereby justifying the awarding of exemplary and punitive damages against each individual Defendant in an amount to be determined according to proof at trial.

**TENTH CAUSE OF ACTION**

**VIOLATION OF THE BANE ACT**

**(Cal. Govt. Code §§ 815.2(a), 820(a); Cal. Civil Code §§ 52 and 52.1)**

**(Against ALVARADO, CASTRO, CORONEL, SERNA-MENDOZA, UC REGENTS and DOES 1-10, inclusive)**

117. Plaintiff incorporates by reference each and every allegation and fact contained in the preceding and below paragraphs of this complaint as though fully set forth herein.

118. As alleged herein, Defendants interfered with Mr. Greer's rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from unreasonable search and seizure, the right to due process, and the right to bodily integrity, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

119. Defendant Officers interfered with Mr. Greer's constitutional rights through the following specific intentional acts of threat, intimidation, and coercion: (a) physically surrounding Mr. Greer in a tight circle with three armed officers while questioning him outside a hospital, using their physical presence to coerce his submission; (b) resting a hand on a holstered firearm throughout the questioning, threatening deadly force against an unarmed and cooperative individual; (c) refusing to allow Mr. Greer to leave and handcuffing him when he directly invoked his right to do so by asking, "Am I free to go?"; (d); applying handcuffs of a tightness deliberately calculated to cause pain and refusing to loosen them.

120. Defendant Officers' acts of threat, intimidation, and coercion were done with



PLC LAW GROUP, APC

specific intent to deprive Mr. Greer of his constitutional rights.

121. As a result of their conduct, Defendants are liable for Mr. Greer's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

122. As a direct and proximate result of the aforementioned wrongful acts of Defendants, individually and as peace officers, Mr. Greer sustained and incurred damages for physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, as well as harm to his reputation in the community.

123. The conduct of Defendant Officers, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr. Greer, entitling Plaintiff to an award of exemplary and punitive damages against each individual Defendant. Plaintiff does not seek punitive damages against the UC Regents.

124. Plaintiff seeks statutory damages under California Civil Code § 52, including civil penalties and treble damages, as well as compensatory and punitive damages according to proof.

///

///

///

## PRAYER

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, loss of liberty, harm to academic standing and career, and reputational harm, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2. For special damages according to proof;

3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4. For civil penalties and treble damages as authorized under California Civil Code § 52(b) for violations of the Bane Act;

5. For prejudgment interest;

6. For attorney's fees pursuant to 42 U.S.C. § 1988 and California Civil Code § 52.1(h);

7. For reasonable costs of this suit incurred herein;

8. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: August 18, 2026 **PLC LAW GROUP, APC**

*/s/ Peter L. Carr IV*

Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiff Earl Greer

## REQUEST FOR JURY TRIAL

PLAINTIFF hereby respectfully demands a trial by jury on all issues and claims.

Dated: August 18, 2026 **PLC LAW GROUP, APC**

*/s/ Peter L. Carr IV*

Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiff Earl Greer